IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DENIS NGONGHO NKEH,                          )
                                             )
                                             )
            Petitioner,                       )
                                             )
        v.                                    )          1:26-cv-1016 (AJT-IDD)
                                             )
TODD M. LYONS, *et al.*,                      )
                                             )
            Respondents.                      )

## ORDER

Before the Court is Denis Ngongo Nkeh's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on April 14, 2026, alleging that Petitioner has been detained pursuant to 8 U.S.C. § 1231(a)(6) since approximately September 2025. [Doc. No. 1]. By order the following day, the Court ordered the Government to respond to the Petition within five days, [Doc. No. 2], and Respondents timely submitted that contrary to Petitioner's claim that he is detained pursuant to 8 U.S.C. § 1231(a)(6), he is in fact detained under 8 U.S.C. § 1225(b)(2) because his removal proceedings are still pending review by the Fourth Circuit and he therefore has no final order of removal. [Doc. No. 6]. Respondents submitted that the Court should accordingly incorporate into this action the filings from *Hernandez v. Crawford*, 1:25-cv-1565-AJT-WBP (E.D. Va. Oct. 16, 2025) which found that the petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a), but that rather than ordering outright release, the Court should provide Petitioner with a bond hearing under Section 1226(a) so that the Immigration Judge may consider the effect of his Order of Removal on whether bond is appropriate. *Id*. Petitioner did not file a Reply in support of the Petition.

In consideration of the foregoing, the Petition is granted, and it is hereby

1

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2).

The Clerk is directed to forward copies of this Order to all counsel of record, and to terminate the case.

_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 7, 2026

2